IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : Crim. No. 1:15-cr-257
:
:
**v.** :
:
:
**JOSE RAMOS** : Judge Sylvia H. Rambo

# **M E M O R A N D U M**

Presently before the court is Defendant Jose Ramos's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Doc. 51.) For the reasons that follow, the motion will be denied.

## I. **Background**

On June 8, 2016, Ramos was sentenced by this court to a term of imprisonment of 46 months. (Doc. 41.) He was charged with and pled guilty to a violation of 18 U.S.C. § 1326, illegal reentry of an alien. On June 22, 2016, he filed a notice of appeal. (Doc. 45.) On November 7, 2016, he filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Since an appeal was pending, this court was without jurisdiction to entertain the motion and therefore, by order dated November 8, 2016, this court advised Ramos that upon completion of this appeal it would entertain his motion. On March 6, 2017, the Court of Appeals for the Third Circuit affirmed the judgment of this court. Since that decision, Ramos has not advised this court that he wished to pursue his motion.

However, since the motion remains open on the docket, it will be addressed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## II. **Discussion**

In his motion, Ramos alleges that his counsel was ineffective for not arguing to the sentencing judge that he was entitled to the benefit of a sentence pursuant to the fast track program. (Doc. 51, p. 4.)[1] The pre-sentence report filed in this matter (Docs. 33-34) shows that counsel did raise this as an issue. At page 3 of the objections appears the following:

> Paragraph 61 (Factors That May Warrant a Sentence Outside of the Advisory Guideline System) – Counsel requests a downward variance of four levels to mirror the benefit of a "fast track" plea agreement. Counsel states, "Mr. Ramos has done all of the things necessary for a 'fast track' departure of 4 levels, but the government has refused to offer him the 4 level reduction.

(Doc. 34, p. 3.) Furthermore, at page 6 of the opinion of the Court of Appeals appears the following language:

> Ramos also requested a downward variance because he felt that he should have qualified for the Government's fast track program, but the District Court, exercising its discretion, declined to grant that variance. The District Court's exercise of discretion is also entitled to substantial deference, so we cannot identify a plausible basis for appeal here either.

---

[1] Ramos further alleged that defense counsel was ineffective because he "did not properly object that my sentencing judge supported my sentence on a simple assault which I had been previously convicted, rather than on the re-entry offense itself." (Doc. 51, p. 6.) However, he did not address this issue in his supporting brief and therefore it is deemed withdrawn.

2

(Doc. 55-1.)

**III.** **<u>Conclusion</u>**

It thus appears that counsel did raise the issue before this court, and, furthermore, the issue was addressed by the court of appeals. The allegation of incompetency is without foundation. The motion will be dismissed for failure to state a cause of action and Ramos is not entitled to relief.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 23, 2017